UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
ANNIE WATSON,

                    Plaintiff,

                                        02 CV 2739 (KMW)

                                            ORDER

          -against-

E.S. SUTTON, INC.,

                    Defendant.
----------------------------------x
KIMBA M. WOOD, U.S.D.J.:

      On April 30, 2004, a jury determined that Defendant E.S.

Sutton, Inc. had retaliated against Plaintiff Annie Watson, in

violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

2000e-3(a), New York Executive Law § 296, and the New York City

Administrative Code, § 8-502 et. seq.; the jury awarded Plaintiff

damages totaling $4,434,000.00.[1]  See Watson v. Sutton, 02 Civ. 2739

(KMW) (THK), 2005 WL 2170659, at *1, 2005 U.S. Dist. LEXIS 31578,

at *1 (S.D.N.Y. Sept. 6, 2005).  The Court denied Defendant's

subsequent motion for a new trial as to liability but vacated the

award as to punitive and emotional damages.  Watson, 2005 WL

2170659, at *23, 2005 U.S. Dist. LEXIS 31578, at *70.  Plaintiff

then accepted the Court's remittitur of punitive and emotional

damages, which resulted in a final award of $2,271,000.00.  On

_____

[1] The May 10, 2004, Judgment erroneously calculated these damages
to total $4,424,000.00.

                              1

November 29, 2005, an Amended Judgment for Plaintiff was issued in the amount of $2,261,000.00.[2]

Plaintiff thereafter filed a motion for attorneys' fees, which the Court referred to Magistrate Judge Theodore H. Katz.  On August 11, 2006, Magistrate Judge Katz issued a Report and Recommendation (the "Report") recommending that Plaintiff be awarded $255,944.17 in attorneys' fees and costs, to be paid by Defendant.  By order dated August 24, 2006, this Court granted Defendant's request to defer further proceedings with respect to the Report during the pendency of Defendant's appeal of the judgment in this case but directed the parties to submit additional briefing regarding whether Defendant should be required to post a bond for the recommended attorneys' fees during the deferment.  The parties have submitted such briefing.  On November 27, 2006, the U.S. Court of Appeals for the Second Circuit issued a summary order affirming the November 29, 2005 Amended Judgment in its entirety.

As noted in the Court's August 24, 2006 Order, Local Rule 54.2 of the Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York authorizes a district court to, on motion or on its own initiative, order any party to file an original bond for costs or additional security for costs incurred in the district court.  "'Costs' for which security may be

---

[2] The November 29, 2005 Amended Judgment erroneously calculated these damages post-remittitur to total $2,261,000.00, instead of $2,271,000.00.

required include attorneys' fees for which a party may be responsible at the conclusion of the litigation." Sinatra v. Gucci (In re Gucci), No. 05 Civ. 4444, 2005 WL 1538202, at *1, 2005 U.S. Dist. LEXIS 12975, at *3-*4 (S.D.N.Y. June 27, 2005); see also, e.g., Selletti v. Carey, 173 F.R.D. 96, 100 (S.D.N.Y. 1997) ("Under Local Rule 54.2, security for costs may include attorneys' fees to which a party is potentially entitled by statute."); accord Correspondent Servs. Corp. v. J.V.W. Investments Ltd., No. 99 Civ. 8934, 2003 WL 221746, at *4, 2003 U.S. Dist. LEXIS 1232, at *12-*13 (S.D.N.Y. Jan. 31, 2003).  "The primary purpose of the rule is to ensure that the prevailing party will be able to collect the costs and fees owed to it in situations where the other party is unlikely or unwilling to pay." Kensington Int'l. Ltd. v. Republic of Congo, No. 03 Civ. 4578, 2005 WL 646086, at *1, 2005 U.S. Dist. LEXIS 4331, at *2 (S.D.N.Y. Mar. 21, 2005).  "While there are no set guidelines for applying Rule 54.2, factors generally considered include: 1) the party's ability to pay; 2) whether the party is present within the United States; 3) the party's compliance with past court orders; 4) the extent and scope of discovery; 5) the legal costs expected to be incurred; and 6) the merit of the underlying claims." Id.  "This is not an exhaustive or exclusive list, 'nor is each factor considered in every case.'" Id. (quoting Herbstein v. Bruetman, 141 F.R.D. 246, 247 (S.D.N.Y. 1992)).

Here, Defendant has made statements in court that the company had no insurance and no assets and intended to file for bankruptcy. Pl.'s Affirmation 2, Sept. 8, 2006.  These statements, which led the Court to order Defendant to post a bond to secure the substantial damages award in this case, Order, May 4, 2004, cast doubt on Defendant's ability to pay attorneys' fees.  The Report finds that the legal costs Plaintiff has already incurred are substantial.  The jury's verdict, the Court's September 6, 2005 Order, and the Second Circuit's summary order, found that the underlying claims of Plaintiff's case have merit.  In light of these considerations, it is reasonable to require Defendant to post a bond as security for costs in the amount that Magistrate Judge Katz recommended be awarded as Plaintiff's costs and fees through trial, $255,944.17.

Plaintiff also requests that Defendant post a bond for an additional $43,987.16 to cover the costs and attorneys' fees she incurred on appeal.  Rule 7 of the Federal Rules of Appellate Procedure states that a "district court may require an appellant to file a bond or provide other security in such form and amount as it finds necessary to ensure payment of costs on appeal in a civil case."  The Second Circuit has defined "costs" under Federal Rule of Appellate Procedure 7 to include "anticipated appellate attorney's fees if the statute governing the underlying cause of action defines 'costs' to include fees."  Adsani v. Miller, 139

4

F.3d 67, 71-76 (2d Cir. 1998); <u>RBFC One, LLC v. Zeeks, Inc.</u>, No. 02
Civ 3231, 2005 WL 2140994, at *2, 2005 U.S. Dist. LEXIS 19148, at
*5 (citing 20 <u>Moore's Federal Practice</u> P307.10[2]) (S.D.N.Y. Sept.
2, 2005).  Under Title VII, a court may award reasonable attorneys'
fees as part of costs to a prevailing plaintiff.  <u>See</u> <u>Am. Fed. Of
State, County and Mun. Employees, AFL-CIO (AFSCME) v. County of
Nassau</u>, 96 F.3d 644, 650 (2d Cir. 1996); <u>see also</u> <u>Farias v.
Instructional Sys. Inc.</u>, 259 F.3d 91, 102-03 (2d Cir. 2001).  It is
thus within this Court's discretion to require Defendant to post a
bond as security for attorneys' fees Plaintiff has incurred on
appeal.

    When considering whether a bond pursuant to Federal Rule of
Appellate Procedure 7 is appropriate in a particular case, a
district court will generally consider: 1) the appellant's
financial ability to post a bond; 2) the risk that the appellant
would not pay appellee's costs if the appeal fails; 3) the merits
of the appeal; and 4) whether the appellant has shown any bad faith
or vexatious conduct.  <u>See</u> <u>RBFC One, LLC</u>, 2005 WL 2140994, at *1,
2005 U.S. Dist. LEXIS 19148, at *1.  These factors, once again, are
not exhaustive.  <u>See</u> <u>id.</u>

    Defendant's statement that it intended to file for bankruptcy
creates a particular concern that Defendant will not pay
Plaintiff's costs.  In addition, the Second Circuit concluded that
Plaintiff's position on appeal was meritorious.  The Court

5

therefore finds that it is necessary and appropriate to require
Defendant to post a bond to secure Plaintiff's costs, including
attorneys' fees, incurred on appeal.

Finally, the Court notes that the November 29, 2005 Amended
Judgment contains a clerical error.  Pursuant to Rule 60(a) of the
Federal Rules of Civil Procedure, the November 29, 2005 Amended
Judgment is hereby modified to require Defendant to post a bond in
the amount of $2,271,000.00.

Accordingly, pursuant to Local Rule 54.2 and Rule 7 of the
Federal Rules of Appellate Procedure, Defendant shall, within 30
days of this Order, post a bond in the amount of $299,931.33, as
security for costs, including attorneys' fees, that Plaintiff
incurred at trial and on appeal.  Additionally, the Clerk of the
Court is directed to enter a corrected amended judgment for the
November 29, 2005 Order requiring Defendant to post a Supercedeas
Bond in the amount of $2,271,000.00.


                SO ORDERED.

Dated:      New York, New York
            December 6, 2006

                                    Kimba M. Wood
                                    United States District Judge


                            6