UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------x
ANNIE WATSON,

                    Plaintiff,

                                        02 CV 2739 (KMW) (THK)
                                        ORDER

          -against-

E.S. SUTTON, INC.,

                    Defendant.
----------------------------------x
KIMBA M. WOOD, U.S.D.J.:

## I.  **Overview**

     Plaintiff Annie Watson ("Watson") filed an employment

discrimination action against E.S. Sutton, Inc. ("ESS") in 2002.

In 2004, after a jury trial, the jury rendered a verdict that ESS

had retaliated against Watson in violation of Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a) ("Title VII"),

New York Executive Law § 296, and the New York City

Administrative Code, § 8-502.  See Watson v. Sutton, 02 Civ. 2739

(KMW) (THK), 2005 WL 2170659, at *1, 2005 U.S. Dist. LEXIS 31578,

at *1 (S.D.N.Y. Sept. 6, 2005).  The jury awarded Watson $500,000

in emotional distress damages; $884,000 in back-pay and benefits;

$550,000 in front-pay and benefits; and $2.5 million in punitive

damages, for a total award of $4,434,000.[1]  The Court denied ESS'

subsequent motion for a new trial as to liability, but vacated

_____

[1]  The May 10, 2004, Judgment erroneously calculated these
damages as totaling $4,424,000.

the award as to punitive and emotional damages.  <u>Watson</u>, 2005 WL

2170659, at *23, 2005 U.S. Dist. LEXIS 31578, at *70.  Watson

then accepted the Court's remittitur of punitive and emotional

damages, which resulted in a final award of $2,271,000.  On

November 29, 2005, the Court issued an Amended Judgment for

Watson in the amount of $2,261,000.[2]

Watson thereafter moved for attorneys' fees, which motion

the Court referred to Magistrate Judge Theodore H. Katz.  On

August 11, 2006, Magistrate Judge Katz issued a Report and

Recommendation (the "R&R") recommending that Watson be awarded

costs and attorneys' fees in the amount of $255,944.17.[3]  On

August 24, 2006, this Court stayed further proceedings with

respect to the R&R pending appeal of the underlying judgment.  On

November 27, 2006, the U.S. Court of Appeals for the Second

Circuit issued a summary order affirming the Amended Judgment in

its entirety.  <u>Watson v. E.S. Sutton</u>, No. 05-5388-cv, 2006 WL

3421809, at *1-2, 2006 U.S. App. LEXIS 29518, at *1-2 (2d Cir.

─────────────────────────

[2] The November 29, 2005 Amended Judgment erroneously calculated
these damages post-remittitur to total $2,261,000, instead of
$2,271,000.

[3] The R&R recommends that $255,944.17 be allocated as follows:
    (1)  $14,500 in attorneys' fees to O&G;
    (2)  $79.14 in costs to O&G;
    (3)  $104,636 in attorneys' fees to Ireland and Glass;
    (4)  $5,348.99 in costs to Ireland and Glass;
    (5)  $119,802.85 in attorneys' fees to BMM; and
    (6)  $11,577.19 in costs to BMM.

Nov. 27, 2006).  This Court lifted the stay of this action on
December 8, 2006.  Plaintiff thereafter requested an additional
$43,247.50 in supplemental legal fees to cover the costs incurred
on appeal.

On December 19, 2006, ESS filed timely objections to the R&R
and opposed Watson's supplemental request for fees.  On January
3, 2007, Watson filed an affirmation in opposition to ESS's
positions.  The Court adopts the R&R, with the modifications set
forth below, and awards Watson a total of $286,288.68 as
reimbursement for attorneys' fees and costs.


**I.   Background**

The R&R, familiarity with which is assumed, thoroughly
recounts the background of this case; the Court repeats the facts
here only as necessary.

A number of different lawyers represented Plaintiff during
these proceedings.  From March 2000 through March 2002, Outten &
Golden ("O&G") represented Plaintiff; in November 2000, O&G filed
a charge with the U.S. Equal Employment Opportunity Commission
("EEOC"); Plaintiff received a favorable "Probable Cause" finding
from the EEOC.  In March 2002, Plaintiff retained Gary Ireland
("Ireland").  On April 9, 2002, Ireland filed the Complaint in
this action; he represented Plaintiff until September 2003.  Saul

3

L. Glass ("Glass") assisted Ireland with his representation of Plaintiff.  Finally, Plaintiff retained Barry, McTiernan & Moore ("BMM") in May 2003; BMM represented Plaintiff through pre-trial proceedings, a nine-day trial, post-trial motions, and the appeal.

## II.  Discussion

### A.   Legal Standards; O&G's Costs and Fees

Because the parties do not formally object to the R&R's discussion of applicable law or to the R&R's recommendation as to O&G, the Court reviews those portions only for clear error.  "'If no objections are filed, reviewing courts should review a R&R and recommendation for clear error.'"  Edwards v. Fischer, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006) (quoting Vega v. Artuz, No. 97 Civ. 3775, 2002 WL 31174466, at *1, 2002 U.S. Dist. LEXIS 18270, *3 (S.D.N.Y. Sept. 30, 2002)).

The Court has reviewed the R&R, and finds its exposition of the legal standards governing this motion and its recommendation as to O&G to be well-reasoned and free of any "clear error on the face of the record."  Fed. R. Civ. P. 72(b) advisory committee's note; see also Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).  The Court therefore adopts those portions of the R&R and

concludes that Watson is entitled to $14,579.14 as reimbursement for O&G attorneys' fees and costs.

**B.   Application of Legal Standards to Watson's Motion for Attorneys' Fees**

ESS has, however, filed specific objections to the R&R's application of the legal standards to Watson's motion for attorneys' fees for BMM, Ireland, and Glass.  Because these objections are specific, the Court has reviewed the R&R's recommendations de novo.[4]  28 U.S.C. § 636(b)(1); Fed. R. Civ. Pro. 72(b).

The R&R recommends awarding BMM a total of $131,380.84, and Ireland and Glass a total of $109,984.99.  The Court adopts the R&R, with the following modifications.

**1.   Fees Related to Substitution of Counsel**

ESS argues that, although the R&R correctly held that ESS should not have to pay for fees related to substitution of counsel, including duplicative work and fee disputes, it failed to deduct all such charges from Plaintiff's fee award.  In

---

[4] Watson argues that the Court should review the R&R only for clear error.  At this stage of the case, however, the question of whether Watson is entitled to attorneys' fees is dispositive and thus subject to de novo review.  See, e.g., Access 4 All, Inc. v. Grandview Hotel Ltd. P'ship, No. 04 cv 4368; 2006 WL 566101, *2 (E.D.N.Y. Mar. 3, 2006); Choudhury v. Barnhart, No. 04 cv 0142; 2005 WL 2592048, *1 (S.D.N.Y. Oct. 11, 2005); see also 12 Charles Alan Wright, Arthur R. Miller, Federal Practice & Procedure § 3068.2 (West Supp. 2007).

support, ESS has annotated invoices submitted by BMM and Ireland. Watson did not respond to ESS's objections on this point.

The Court has thoroughly reviewed the parties' invoices and concludes that ESS has correctly identified the fees that relate to Watson's substitutions of counsel or disputes among her counsel. The Court thus reduces the R&R's recommended award by $5,540.25 ($4,631.74 of which pertains to BMM's services and expenses; $908.50 of which pertains to Ireland's services and expenses).

### 2.   BMM's Fees for Administrative Tasks

Time spent "serving and filing papers, along with other similar administrative tasks" is not chargeable to a client and is excluded from fee applications. <u>See, e.g.</u>, <u>Marisol A. v. Giuliani</u>, 111 F. Supp. 2d 381, 390-91 (S.D.N.Y. 2000).

The Court has thoroughly reviewed the parties' invoices and concludes that ESS has correctly identified additional fees charged by BMM that pertain to administrative tasks, which therefore should be deducted from Watson's award. The Court thus reduces the R&R's recommended award as to BMM by $2,337.40.

### 3.   BMM's Investigator Fees

ESS argues that the R&R improperly included investigator fees in Watson's fee award. The Court disagrees.

6

The R&R correctly noted that "[c]ourts in this district have awarded the cost for retaining investigators as part of litigation-related expenses."  R&R 33; see, e.g., J&J Sports Prods., Inc. v. Kosoria, No. 06 cv 2102, 2007 WL 1599168, at *4-5 (S.D.N.Y. June 1, 2007); Irish v. City of New York, Nos. 98 Civ. 713, 98 Civ. 9614, 2004 WL 444544, at *8 (S.D.N.Y. Mar. 10, 2004); Carrero v. N.Y.C. Housing Auth., 685 F. Supp. 904, 909 (S.D.N.Y. 1988).[5]  The Court agrees with the R&R's conclusion that the investigator's drafting and service of subpoenas was a necessary and reasonable use of resources and therefore adopts its recommendation that BMM receive $837.80 in reimbursement.

The R&R also recommends that BMM receive a reduced award for litigation-related work by its investigator, in the amount of $1,527.39.  ESS objects to the $1,527.39 figure on the ground that it is speculative.  The R&R, however, states that "[t]o the extent this third bill also mentions subpoena fees and accounts for mileage, copying, and mailing costs, the [R&R] find[s] aspects of the bill sufficiently detailed to warrant reimbursement."  This Court agrees with the R&R's conclusion and

---

[5] ESS cites Time Warner Cable of N.Y.C. v. Sanchez, 02 cv 5855, 2003 WL 21744089, *5 (S.D.N.Y. July 8, 2003), a Report and Recommendation, for the proposition that "[t]here is no provision . . . for a prevailing party to be awarded the costs of its investigator.").  Magistrate Judge Frank Maas, however, based his recommendation to deny the costs of an investigator primarily upon the prevailing party's inadequate records.

adopts it recommendation that BMM is entitled to $1,527.39 in additional reimbursement.  Thus, the Court adopts the R&R's recommendation that Watson receive a total of $2,365.19 as reimbursement for BMM's investigator fees.

### 4.   Expert Fees

ESS argues that the R&R improperly awarded Ireland $450 in expert witness fees; Ireland did not respond to ESS's objection on this point.[6]  The Court disagrees with ESS.

As ESS argues and the R&R recognizes, Ireland failed to submit documentation supporting his expert-witness charges.  But, as the R&R notes, it is evident that Ireland's expert prepared a report.  "Where the party seeking reimbursement fails to meet its burden of demonstrating the reasonableness of the amount sought, the Court may exercise its discretion to determine a reasonable fee."  R&R 31 (citing Carafino v. Forester, No. 03 cv 6258, 2005 WL 1020892, at *2 (S.D.N.Y. Apr. 29, 2005).  Accordingly, the Court adopts the R&R's reasonable recommendation that Ireland receive $450 -- half of the $900 charged by Ireland -- because he failed to submit sufficient evidence to justify the full fee.

---

[6] On December 22, 2006, Ireland submitted a letter requesting that the Court decline to entertain ESS's objections.  The Court denied Ireland's request but extended the time within which he could submit objections to the R&R or respond to ESS's objections.  On January 22, 2007, Ireland submitted another letter protesting ESS's objections but making no specific objections of his own.

Thus, the Court adopts the R&R's recommendation that Watson receive $8,212.50 as reimbursement for BMM's expert fees, and $450 as reimbursement for Ireland's expert fees.

### 5.   Ireland's Photocopy and Facsimile Fees

ESS argues that Ireland's disbursements for photocopies and facsimiles must be reduced because the rates charged are excessive; Ireland did not respond to ESS's objection on this point.  The Court agrees that Ireland's photocopy rate is excessive but finds that the facsimile rate is reasonable.  The Court thus concludes that Watson is entitled to $302.01 as reimbursement for Ireland's photocopy and facsimile fees.  This award reimburses Watson for photocopies at $0.10 per page and for $59 in facsimile charges.  See, e.g., Private Sanitation Union Local 813 v. Gaeta-Serra Assocs., Inc., No. 02 cv 5526, 2005 WL 2436194, *5 (E.D.N.Y. Aug. 12, 2005); King Vision Pay-Per-View Corp., Ltd. v. Torde Calenas Moscoro, Inc., No. 01 cv 9975, 2004 WL 473306, at *5 (S.D.N.Y. Mar. 12, 2004); Anderson v. City of N.Y., 132 F. Supp. 2d 239, 246 (S.D.N.Y. 2001).  The Court therefore reduces the R&R's recommended award as to Ireland by $628.15.

C.   **Watson's Supplemental Application for Attorneys' Fees**

On December 1, 2006, Watson submitted a supplemental request seeking $43,247.50 in attorneys' fees, which were incurred in connection with the appeal.  ESS argues that the Watson is not entitled to the full amount she requested.  The Court agrees with ESS that administrative fees, clerical activities, time spent reviewing fee applications of substituted counsel, and fees for preparing motions for pre-judgment and post-judgment interest, which the Court denied, should be eliminated from Watson's award. The Court concludes, however, that the time Watson's counsel spent reviewing and working with the EEOC on its appellate amicus curiae brief is recoverable.  Thus, the Court reduces Watson's supplemental request for BMM's attorneys' fees and costs by $4,398 and awards Watson additional fees in the amount of $38,849.50.

**III. Conclusion**

For the above reasons, the Court adopts the R&R as modified. The Court awards Watson attorneys' fees and costs in the amount of $286,288.68, to be allocated as follows:

(1)   O&G: 14,579.14 in attorneys' fees and costs;
(2)   Ireland/Glass: $108,448.34 in attorneys' fees and costs;[7] and
(3)   BMM: $163,361.20.

The Clerk of Court is directed to close this case.   Any pending motions are moot.

SO ORDERED.

Dated:     New York, New York
           August 3, 2007

                                    _____
                                    Kimba M. Wood
                                    United States District Judge

---

[7] Ireland and Glass represent that they have reached an agreement as to how to allocate fees between them.

11